CLERK'S OFFICE
A TRUE COPY
Feb 25, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The property to be searched is the body of Victim, whose identity is known to investigators, for purposes of performing a full forensic autopsy at the Milwaukee County Medical Examiner's Office. Victim's body is currently in the custody of medical staff at the Milwaukee Campus of Children's Hospital in Milwaukee, Wisconsin. | Case No. **24-M-353 (SCD)** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    **Eastern**    District of    **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    **3-10-24**    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    **Honorable Stephen C. Dries**    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    **2-25-24. 7:45 pm**    *[signature]*
                                                                                    *Judge's signature*

City and state:    **Milwaukee, Wisconsin**    Honorable Stephen C. Dries
                                                                                    *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A
## Property to be Searched

The property to be searched is the body of Victim, whose identity is known to investigators, for purposes of performing a full forensic autopsy at the Milwaukee County Medical Examiner's Office. Victim's body is currently in the custody of medical staff at the Milwaukee Campus of Children's Hospital in Milwaukee, Wisconsin.

# ATTACHMENT B
**Particular Things to be Seized**

All evidence of violations of 18 U.S.C. §§ 1111 (murder); 1112 (manslaughter); 113(b) (assaulting resulting in serious bodily injury); and 1151, 1153, and Mich. Comp. Laws § 750.136b(3)(b) (child abuse—second degree) including photographs, tissue, and fluids needed for forensic analysis, from the body of Victim, whose identity is known to investigators.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Feb 25, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. **24-M-353 (SCD)** |
| The property to be searched is the body of Victim, whose identity is known to investigators, for purposes of performing a full forensic autopsy at the Milwaukee County Medical Examiner's Office. Victim's body is currently in the custody of medical staff at the Milwaukee Campus of Children's Hospital in Milwaukee, Wisconsin. | ) ) ) ) ) | |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1111, 18 U.S.C. § 1112, 18 U.S.C. §§ 113(a)(6), 1151, 1153 | Manslaughter, Assault Resulting in serious bodily injury, child abuse - second degree |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Alex Travers - Special Agent FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____by telephone_____ *(specify reliable electronic means)*.

Date: __2-25-24__

_____
Judge's signature

City and state: Milwaukee, WI    Stephen C. Dries. U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Alex Travers, being duly sworn, do hereby state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the seizure and search of the body of Victim to perform a full forensic autopsy of Victim, who is currently at the Milwaukee Campus of Children's Hospital in Milwaukee, Wisconsin.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since 2022. I am currently assigned to the Detroit Division, Marquette Resident Agency. Prior to my employment with the FBI, I was a police officer for over eight (8) years in Cranston, Rhode Island where I served as a patrol officer, in temporary assignments with the department's Special Investigations Unit, and as a patrol sergeant.

3. My duties include the investigations of various violations of federal criminal law, including matters involving violations of:

    a. 18 U.S.C. §§ 1111, 1151, 1153—murder;

    b. 18 U.S.C. §§ 1112, 1151, 1153—manslaughter;

    c. 18 U.S.C. §§ 113(a)(6), 1151, 1153—assault resulting in serious bodily injury; and

    d. 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree.

The facts in this affidavit come from my personal observations, my training and

1

experience, and information obtained from other agents, other law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. I submit that this affidavit shows there is probable cause to believe that Eugene Walter-George Rantanen (hereafter "Rantanen") committed the crimes of murder (18 U.S.C. § 1111), manslaughter (18 U.S.C. § 1112), assault resulting in serious bodily injury (18 U.S.C. §§ 113(a)(6), 1151, 1153), and child abuse—second degree (18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b)). Further, I submit that there is probable cause to believe that evidence of these crimes will be found during the forensic autopsy of Victim further described below and in Attachment A.

## PROBABLE CAUSE

5. I am informed by the Unites States Attorney's Office that murder under 18 U.S.C. § 1111 includes felony murder, which requires the following elements:

   a. The suspect caused the death of the victim;

   b. The death resulted from the knowing or intentional perpetration of child abuse; and

   c. The suspect is an Indian; and

   d. The offense occurred in Indian Country.

6. I am informed that to establish the offense of manslaughter, the following elements are required:

2

a. The suspect caused the death of the victim;

b. The killing was without malice;

c. The suspect is an Indian; and

d. The offense occurred in Indian Country.

7. I am informed by the United States Attorney's Office that to establish the charge of assault resulting in serious bodily injury for a crime committed by an Indian within Indian Country, the following elements must be met:

a. The suspect assaulted the victim;

b. The assault resulted in serious bodily injury;

c. The suspect is an Indian; and

d. The offense occurred in Indian Country.

8. I am informed by the United States Attorney's Office that to establish the charge of child abuse – second degree by an Indian within Indian Country, the following elements must be met:

a. First, that suspect is the parent or guardian of the child.

b. Second, that suspect had care or custody of or authority over the when the abuse allegedly happened, regardless of the length of time the child was cared for by, in the custody of, or subject to the authority of that person.

c. Third, that the suspect's reckless act caused serious physical harm or serious mental harm to a child.

i. "Serious physical harm" means any physical injury to a child that

3

>
> > seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut.
>
> > ii. "Serious mental harm" means an injury to a child's mental condition that results in visible signs of an impairment in the child's judgment, behavior, ability to recognize reality, or ability to cope with the ordinary demands of life.
>
> d. The child was at the time under the age of 18.
> e. The suspect is an Indian.
> f. The offense occurred in Indian Country.

9. The residence where the incident occurred, 16385 Skanee Road, L'Anse, Michigan 49946, is located within the exterior boundaries of the L'Anse Reservation of the Keweenaw Bay Indian Community, a federally recognized tribe, which the United States Attorney's Office informs me makes it Indian Country as defined by federal law. The residence is located within the Northern Division of the Western District of Michigan. Rantanen is an enrolled member of the Keweenaw Bay Indian Community and is an Indian for purposes of federal law.

10. On February 19, 2024 at about 7:00 p.m., police responded to a 9-1-1 call at 16385 Skanee Road, L'Anse, Michigan 49946. The caller, Rantanen, reported that Victim, who is approximately a year and a half old, was not responsive. Police and emergency medical services responded to the residence. Rantanen and Victim were

4

the only occupants of the residence when first responders arrived.

11. In the 9-1-1 call made by Rantanen, he reported he found Victim not breathing. Rantanen told the dispatcher Victim was slumped over the bed and not breathing. Rantanen left Victim on the bed for a nap. Rantanen told the dispatcher that he observed cuts on Victim's tongue. Rantanen updated the dispatcher that Victim started breathing, but Victim's breathing was irregular.

12. Medical services transported Victim to Baraga County Memorial Hospital, then to Hospital Sisters Health System St. Vincent Hospital in Green Bay, Wisconsin. Once at St. Vincent, medical staff observed bruising to Victim's head, torso, and other regions. Medical staff reported a Computed Tomography (CT) scan of Victim's head revealed internal bleeding. The bruising on Victim's torso appeared consistent with marks from fingertips. Rantanen told first responders that he left Victim alone in a room, and when Rantanen returned, Victim was unresponsive.

13. Victim was transported to the Milwaukee Campus of Children's Wisconsin. Medical staff observed bruising to Victim's head, torso, scrotum, and buttocks. Medical staff reported that Victim's injuries were consistent with trauma, Victim was showing little signs of life, and signs of Abusive Head Trauma (AHT).

14. Based on my training and experience and conversations with investigators and medical professionals, the injuries and marks observed on Victim are consistent with non-accidental trauma caused by someone other than the Victim.

15. I was informed by personnel at the Michigan Department of Health and Human Services that Rantanen is Victim's father

16. The FBI obtained medical records for Victim from Baraga County Memorial Hospital (BCMH). Those records indicate that Victim had multiple subdural hematomas.

17. SA Richard Grout interviewed a doctor who spoke to Rantanen and Rantanen's wife, Alicia Rantanen (hereafter "Alicia"), at BCMH. Rantanen told the doctor that Victim was fine when Victim was put down for a nap. Rantanen came back five minutes later and observed Victim sitting up, slumped over, and limp. Rantanen picked up Victim, noticed Victim was not breathing at all, and called 9-1-1. Victim started breathing during the 9-1-1 call. Prior to Rantanen finding Victim like this, Victim was acting and eating normally and otherwise doing well. According to Rantanen, Victim was sick with a respiratory illness and was scheduled for follow-up in the near future. Rantanen did not mention anyone else being present with him and Victim during the incident. Alicia told the doctor that she last saw Victim around 4:00 p.m. that day when she came home between work shifts. She said "hi" to Rantanen and Victim, then went to work. At the time, Victim was eating and doing well. Alicia did not mention anyone else being in the home. The doctor stated that Rantanen and Alicia were together when they spoke to the doctor.

18. On February 20, 2024, the FBI, Keweenaw Bay Tribal Police, and Michigan State Police Crime Scene Response Team executed a court-authorized search warrant at 16385 Skanee Road. Investigators seized wipes with suspected blood from the area of the bathroom and hallway:



19. Additionally, investigators seized the mattress of a pack and play as it contained suspected blood:

7

Case 2:24-mj-00353-SCD   Filed 02/25/24   Page 12 of 17   Document 1



20. On February 22, 2024, investigators had another meeting with medical staff at Children's Wisconsin and learned for medical staff, the current findings represent the highest-level concern for non-accidental trauma.

21. On February 22, 2024, the FBI arrested Rantanen at Children's Wisconsin pursuant to an arrest warrant for violations of involving violations of 18 U.S.C. §§ 113(a)(6), 1151, 1153, assault resulting in serious bodily injury, and 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree. (See *United States v. Eugene Walter-George Rantanen*, 2:24-mj-00010-MV, filed in the Northern Division of the Western District of Michigan; a copy can be provided to this Court upon request.)

22. On February 24, 2024, I was informed that Victim was pronounced

deceased. Victim is currently being kept alive to facilitate the donation of Victim's organs. I have also been informed that for a full forensic autopsy to be performed to determine cause of death, Victim's organs will need to be dissected. Victim's body including, but not limited to Victim's organs, contain evidence of the crimes under investigation. If the Victim's organs were donated prior to the completion of a full forensic autopsy, evidence would be destroyed.

23. I submit there is probable cause to believe the crimes under investigation were committed. Regarding all of these crimes, Rantanen is an Indian and the residence where this occurred is in Indian Country. Based on the medical evidence that this was non-accidental trauma consistent with battery, that Ratanen was alone with the minor, and that the Victim will die as a result, there is probable cause to believe Rantanen is guilty of felony murder (murder during the perpetration of child abuse) or voluntary manslaughter (murder without malice) as well as assault resulting in serious bodily injury. Regarding child abuse second degree, Rantanen is Victim's father and had custody of Victim; based on the nature of the wounds, I submit there is probable cause to believe that Rantanen recklessly, knowingly or intentionally[1] committed an act that caused serious physical and mental harm to Victim; and Victim was under 18.

---

[1] I am informed by the U.S. Attorney's Office that if Rantanen committed the act intentionally or knowingly, he would satisfy the recklessness state of mind.

## CONCLUSION

24. I submit that this affidavit supports probable cause for a search warrant authorizing the forensic autopsy of Victim described in Attachment A and to seek the items described in Attachment B.

## ATTACHMENT A
### Property to be Searched

The property to be searched is the body of Victim, whose identity is known to investigators, for purposes of performing a full forensic autopsy at the Milwaukee County Medical Examiner's Office. Victim's body is currently in the custody of medical staff at the Milwaukee Campus of Children's Hospital in Milwaukee, Wisconsin.

# ATTACHMENT B
**Particular Things to be Seized**

All evidence of violations of 18 U.S.C. §§ 1111 (murder); 1112 (manslaughter); 113(b) (assaulting resulting in serious bodily injury); and 1151, 1153, and Mich. Comp. Laws § 750.136b(3)(b) (child abuse—second degree) including photographs, tissue, and fluids needed for forensic analysis, from the body of Victim, whose identity is known to investigators.